
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE WELLS, III                                                        PETITIONER

VS.                               3:05CV00075 WRW/JTR

WEST MEMPHIS POLICE DEPARTMENT;
CITY OF WEST MEMPHIS; CRITTENDEN
COUNTY SHERIFF'S DEPARTMENT;
J. HUFF, Jailer, Crittenden County Sheriff's
Department; MICKEY THORNTON,
Administrator, Crittenden County Sheriff's
Department                                                              RESPONDENTS

## ORDER

Petitioner, who is currently incarcerated at the Crittenden County Detention Facility, has filed a Petition for Writ of Habeas Corpus and an Amended Complaint asserting claims under 28 U.S.C. § 2241 and 42 U.S.C. § 1983. (Docket entries #2 and #5.) Petitioner has also filed a number of motions, including: (1) a Motion to Proceed *In Forma Pauperis* (docket entry #1); (2) a Motion for Default Judgment (docket entry #6); and (3) a Motion for Bond Reduction (docket entry #4.) The Court must resolve a number of housekeeping matters before this case may proceed.

1. **Petition for Writ of Habeas Corpus.**

In his habeas Petition, Petitioner claims that he is custody in violation of the United States Constitution due to: (1) a malicious arrest without probable cause; and (2) a false incident report regarding the stop and search of Petitioner's vehicle. (Docket entry #2 at pp. 2-5.) Petitioner requests that the Court grant the writ of habeas corpus and order his immediate release. *Id.* at p. 7. However, in asserting this habeas claim, Petitioner has incorrectly cited the habeas statute for federal prisoners, 28 U.S.C. § 2241, rather than the habeas statute for state prisoners, 28 U.S.C. § 2254. The Court further notes that the Clerk has docketed this case as a civil rights case, pursuant to 42 U.S.C. § 1983, which is internally classified as a "550" suit. Due to the substance of Petitioner's habeas claim presented in the Petition, the Court will direct the Clerk to reclassify this cause as a Petition for Writ of Habeas Corpus (State) pursuant to 28 U.S.C. § 2254, a "530" suit.

Next, the Court must consider the Respondents named in Petitioner's habeas claim.[1] In a habeas case, the proper party Respondent is the Petitioner's custodian. *See* Rule 2(a) of the Rules Governing § 2254 Cases. Because Petitioner alleges that he is in custody at the Crittenden County Detention Facility, the proper party Respondent in this habeas action is his custodian, Richard "Dick" Busby, the Sheriff of Crittenden County. Accordingly, the Court will direct the Clerk to change the Respondent in this case to Richard "Dick" Busby, Sheriff, Crittenden County, Arkansas, and dismiss the remaining Respondents, without prejudice.

2. **Claims for Damages Under 42 U.S.C. § 1983.**

The Court next considers Petitioner's claims for damages under 42 U.S.C. § 1983. Petitioner requests compensatory and punitive damages due to: (1) an illegal arrest; (2) cruel and unusual punishment due to placement in a cell without a toilet; and (3) threats and physical force used against Petitioner. (Docket entries #2 and #5.) To the extent that Petitioner may state viable claims for damages, pursuant to 42 U.S.C. § 1983, they are not cognizable in a habeas proceeding. Thus, Petitioner's claims under 42 U.S.C. § 1983 will be dismissed, without prejudice. The Court will further direct the Clerk to mail Petitioner a § 1983 Complaint Form, an Application to Proceed *In Forma Pauperis*, and a Prison Calculation Sheet so that, if he elects to do so, he can properly pursue his § 1983 claims in a separate action.

3. **Motion to Proceed *In Forma Pauperis*.**

After reviewing Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) and the accompanying financial information, the Court concludes that Petitioner is eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915. Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* will be granted, and the Court will order service of the habeas Petition on Respondent Busby.

---

[1] In his original Petition, Petitioner named the West Memphis Police Department and the City of West Memphis as Respondents. (Docket entry #2.) In his Amended Complaint, Petitioner named Respondents Crittenden County Sheriff's Department, Officer J. Huff, and Administrator Mickey Thornton. (Docket entry #5.)

### 4. Motion for Default Judgment.

Petitioner has also filed a Motion for Default Judgment in which he asserts that Respondents are in default under the Arkansas Rules of Civil Procedure. (Docket entry #6.) Regardless of what Petitioner may have mailed to these Respondents, they are not in "default" in this habeas proceeding. While default judgment is available to the Court as a sanction in habeas cases (*see Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994)), a respondent is not required to answer a habeas petition until a judge orders him to do so. *See* Rule 4(a) of the Rules Governing § 2254 Cases. Because Respondents in this case are not in "default," Petitioner's Motion for Default Judgment will be denied.

### 5. Motion for Bond Reduction.

Finally, Petitioner has filed a Motion for Bond Reduction in which he argues that the $500,000.00 bond set by the state trial court judge is excessive and unconstitutional. (Docket entry #4.) Petitioner requests that this Court reduce his bond to $10,000.00 or below. *Id.* The Court will treat this Motion as one of Petitioner's grounds for habeas relief and order service of this Motion on Respondent.

IT IS THEREFORE ORDERED THAT:

1. Respondents West Memphis Police Department, City of West Memphis, Crittenden County Sheriff's Department, J. Huff, and Mickey Thornton are DISMISSED, WITHOUT PREJUDICE.

2. The Clerk is directed to change the Respondent to Richard "Dick" Busby, Sheriff, Crittenden County. The Clerk is further directed to reclassify this cause as a Petition for Writ of Habeas Corpus (State) pursuant to 28 U.S.C. § 2254, a "530" suit.

3. Petitioner's claims under 42 U.S.C. § 1983 are DISMISSED, WITHOUT PREJUDICE. The Clerk is further directed to mail Petitioner a § 1983 Complaint Form, an Application to Proceed *In Forma Pauperis*, and a Prison Calculation Sheet so that, if he elects to do so, he may properly pursue his § 1983 claims in a separate action.

4. The Clerk of the Court is further directed to serve a copy of the habeas Petition (docket entry #2), the Memorandum in Support (docket entry #3), the Motion for Bond Reduction

(docket entry #4), and this Order on Respondent Richard "Dick" Busby, Sheriff, Crittenden County, Arkansas, and the Arkansas Attorney General by mail.

5. Respondent Busby shall file an answer, **within twenty (20) days** of service. Respondent is directed to the recent amendments to Rules 4 and 5 of the Rules Governing Section 2254 Cases, governing the contents of an Answer.

6. Respondent's Motion for Default Judgment (docket entry #6) is DENIED.

Dated this 30TH day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE