**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

WILLIE WELLS, III                                                                                          PETITIONER

VS.                                        3:05CV00075 WRW/JTR

RICHARD"DICK" BUSBY,
Sheriff, Crittenden County, Arkansas                                                        RESPONDENT

**ORDER**

On April 28, 2005, Petitioner, who is currently detained at the Crittenden County Detention Center, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in which he challenges the constitutionally of his April 4, 2005 arrest and detention by West Memphis Police.[1] (Docket entry #2.)  After initiating this action, Petitioner filed a number of pending Motions which are now ready for disposition.

**1.      Motion For Bond Reduction**

In Petitioner's Motion for Bond Reduction (docket entry #4), he argues that the $500,000 bond set by the Crittenden County Circuit Court was unconstitutionally excessive.  Respondent argues that the bond was appropriate, given Petitioner's prior criminal history, and that the issue was further mooted by Petitioner's later guilty plea to the charged conduct and release.  (Docket entry #12, p. 3.)

Respondent has submitted a Crittenden County Judgment and Commitment Order reflecting that, on July 13, 2005, Petitioner, while represented by private counsel, pled guilty to one count of

---

[1] Petitioner also purported to state claims for money damages pursuant to 42 U.S.C. § 1983. These claims were dismissed, without prejudice, on June 30, 2005.  (Docket entry #7.)

aggravated robbery (offense date June 12, 2004) and one count of possession of a controlled substance (offense date April 4, 2005).  (Docket entry #12, Ex. 4.)  The Order further reflects that Petitioner received 72 months' probation on the aggravated robbery charge and a 72-month suspended sentence on the possession of a controlled substance charge.  *Id.*  Petitioner was then *released from custody*.[2]  (Docket entry #12, p. 2.).

Thus, after filing his Motion for Bond Reduction in this action, Petitioner was released from custody following his guilty plea to the underlying felony charges for which he claims he was unconstitutionally arrested and detained.  Assuming for the sake of argument that the Court even had the authority to reach the merits of his Motion for Bond Reduction, that relief is now moot due to Petitioner having been released after his guilty plea and sentencing on those charges.  Therefore, Petitioner's Motion for Bond Reduction will be denied as moot.

**2.  Motion For Copies And For Extension Of Time**

Petitioner has also written a letter (docket entry #16) requesting file-marked copies of his habeas Petition and Complaint, and a Motion for Reconsideration to Reply (docket entry #17), seeking additional time to file a Reply to Respondent's Response.

In his Response to Petitioner's habeas Petition, Respondent argues that Petitioner has procedurally defaulted his claims due to: (1) his having been released from detention; (2) his failure to exhaust state remedies on the underlying offenses to which he pled guilty; and (3) his having pled guilty to the underlying offenses for which he now claims he was unconstitutionally arrested and detained.  On November 21, 2005, the Court ordered Petitioner to file a Reply, on or before December 16, 2005, to the Response.  (Docket entry #12.)

---

[2] The Crittenden County Detention Center orally confirmed to the Court that, after his sentencing, Petitioner was released from custody.  However, in November of 2005, he was arrested and detained on new charges.

Petitioner did not file a timely Reply. However, he now claims that he did not receive copies of either the Respondent's Response or the Court's Order requesting him to file a Reply to that Response. Suffice it to say, the record fails to support Petitioner's allegation that he did not receive those papers. For example, the Clerk's certificates of mailing reflect that all of the Court's orders have been mailed to the addresses provided by Petitioner. While Petitioner has filed changes of address (docket entries #8 and #15), the Clerk has noted them accordingly. Moreover, the certificate of service on the Response reflects that it was served on Petitioner at his correct address at the time of service. Nonetheless, out of an abundance of caution, the Court will direct the Clerk to provide Petitioner with the requested copies and grant him an extension of time in which to file a Reply. Petitioner shall file a Reply, addressing the arguments raised in the Response, **on or before March 17, 2006.**

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Bond Reduction (docket entry #4) is DENIED, AS MOOT.

2. Plaintiff's Motion for Copies (docket entry #16) is GRANTED. The Clerk is directed to mail copies of docket entries #2, #3, #5, #7, #12, and #13 to Petitioner.

3. Petitioner's Motion for Extension of Time (docket entry #17) is GRANTED. Petitioner shall file a Reply, addressing the arguments raised in the Response, **on or before March 17, 2006**.

Dated this 27th day of February, 2006.

UNITED STATES MAGISTRATE JUDGE